UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br><br>    C.F. Tournament Canyon, LLC,<br><br>                    Debtor. | Case No. 2:17-cv-01273-MMD<br><br>ORDER |
| YSMAEL CERNA, individually,<br><br>                    Plaintiff,<br>    v.<br>JIHAD ANTHONY ZGHEIB, *et al.*,<br><br>                    Defendants. | |
| YSMAEL CERNA,<br><br>                    Appellant,<br>    v.<br>KIRK LEWIS, JIHAD ANTHONY ZGHEIB, *et al.*,<br><br>                    Defendants. | |

**I.    SUMMARY**

Appellant Ysmael Cerna appeals the United States Bankruptcy Court for the District of Nevada's ("Bankruptcy Court") April 20, 2017 order ("Order") denying relief and dismissing fourteen of Appellant's fifteen causes of action. The Court has reviewed Appellant's opening brief (ECF No. 8)[1] and Appellee Kirk Lewis's answering brief (ECF No. 11). No reply brief was filed. For the following reasons, the Court affirms the Bankruptcy Court.

///

---

[1]Appellant filed two opening briefs. (ECF Nos. 7, 8.) The filings seem to be identical, except the second opening brief attached an appendix. (*See* ECF No. 8-1.) The Court considers the second opening brief (ECF No. 8) as the operative opening brief.

## II. BACKGROUND

The Court summarizes only the facts relevant to this appeal. The Bankruptcy Court's Order (ECF No. 1-2 at 6-72) details the full factual and procedural history of the case.

Cerna and his spouse purchased real property located at 9273 Tournament Canyon Drive, Las Vegas, Nevada 89144 ("Property") on September 28, 2001. (*Id.* at 8.) Cerna eventually became the sole owner of the Property and gave Mortgage IT, Inc. a deed of trust encumbering the Property in exchange for $1 million. (*Id.* at 8-9.) The deed essentially obligated Cerna to notify Mortgage IT if Cerna sold or transferred the Property without Mortgage IT's consent. (*Id.* at 9.)

Cerna then entered into a complex transaction apparently designed to transfer the Property to a couple—Donna Walker-Zghieb and Anthony Zgheib (collectively, the "Zgheibs")—without triggering Cerna's obligations under the deed and without incurring transfer taxes. (*See id.* at 9, 13.) The idea was for Cerna to create a legal entity, transfer his interest in the Property to that entity, and then transfer his interest in the entity to a different entity controlled by the Zgheibs. Accordingly, Cerna initiated a corporation—C.F. Tournament Canyon, LLC ("CFTC")—and identified himself as CFTC's manager. (*Id.* at 12.) Meanwhile, the Zgheibs created a trust called Eliant Trust ("Eliant"). CFTC then executed a contract of sale for the Property with Eliant ("CFTC-Eliant Agreement"). (*Id.*) The CFTC-Eliant Agreement obligated Cerna to quitclaim his interest in the Property to CFTC and then relinquish all his membership in CFTC to Eliant. (*Id.* at 13.) Cerna did both and then resigned as a manager of CFTC. (*Id.* at 13-14.)

Eventually, the Zgheibs stopped making payments to Cerna for the Property and other individuals attempted to foreclose on the Property to satisfy judgments against the Zgheibs. (*See id.* at 14-19.) Cerna and the Zgheibs caused CFTC to file for bankruptcy (*id.* at 25), and Cerna initiated an adversary proceeding against the Zgheibs to establish control of CFTC and the Property (*see id.* at 31).

///

## III. LEGAL STANDARD

A bankruptcy court's conclusions of law are reviewed de novo, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); *In re Salazar,* 430 F.3d 992, 994 (9th Cir. 2005). The bankruptcy court's factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *In re Rains*, 428 F.3d at 900. "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003). In reviewing a bankruptcy court's decision, this Court ignores harmless errors. *In re Mbunda*, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012). The Court may affirm the bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). In addition, the Court need not address arguments not raised in the trial court but "may do so to (1) prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change of law during the pendency of the appeal raises a new issue, or (3) when the issue is purely one of law." *In re Lakhany*, 538 B.R. 555, 560 (B.A.P. 9th Cir. 2015).

## IV. DISCUSSION

Cerna challenges the Bankruptcy Court's findings that Cerna was not a third party beneficiary of the CFTC-Eliant Agreement and therefore could not demonstrate breach of the CFTC-Eliant Agreement; that Cerna did not hold an equitable mortgage on the Property; and that Cerna did not hold a vendor's lien on the Property. (*See* ECF No. 8 at 4.)

### A. Whether Cerna Was a Party to the CFTC-Eliant Agreement

The Bankruptcy Court found that Cerna was not a third party beneficiary of the CFTC-Eliant Agreement. (ECF No. 1-2 at 38.) Cerna argues that he was a third party beneficiary because the parties to the contract understood that Cerna was the true seller of the Property. (ECF No. 8 at 23.) In support of this argument, Cerna asserts that all monthly payments were made directly to Cerna as check or cash, CFTC never had a bank

account, the addenda and settlement agreements all reference Cerna as the seller; Cerna was bound to transfer the Property and the membership interest in CFTC; and CFTC was a passive object of sale rather than a subject actor. (*Id.*)

Whether an individual is an intended third party beneficiary, however, depends on the parties' intent, "gleaned from reading the contract as a whole in light of the circumstances under which it was entered." *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 605 (Nev. 2005) (citing *Jones v. Aetna Cas. and Sur. Co.*, 33 Cal. Rptr. 2d 291, 296 (Cal. Ct. App. 1994)). "To be a third party beneficiary, a promissory intent to benefit the third party must be clearly present, and the third party beneficiary's reliance thereon must be foreseeable." *Williams v. Univ. Med. Ctr. of S. Nev.*, 688 F. Supp. 2d 1134, 1144 (D. Nev. 2010) (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824-25 (Nev. 1977)).

The circumstances under which the CFTC-Eliant agreement were entered do not show that Cerna was an intended third party beneficiary. The record shows that Cerna affirmatively chose to avoid becoming a party to the CFTC-Eliant Agreement in order to avoid transfer taxes as well as his obligation to disclose the transfer of the Property to Mortgage IT, Inc. (*See* ECF No. 1-2 at 9, 13.) But Cerna now seeks protections that contracting parties receive, such as the ability to bring claims of breach. Cerna cannot have it both ways, and he made his choice when he carried out the transfer mechanism prescribed by the CFTC-Eliant Agreement.

Accordingly, the Court affirms the Bankruptcy Court's finding that Cerna was not a third party beneficiary to the CFTC-Eliant Agreement and cannot demonstrate breach.

**B.     Whether Cerna Held an Equitable Mortgage**

The Bankruptcy Court found that Cerna did not hold an equitable mortgage in the Property for two reasons. First, the CFTC-Eliant Agreement did not demonstrate intent to create a security interest. (ECF No. 1-2 at 32.) Second, the CFTC-Eliant Agreement did not clearly identify a res. (*Id.*)

Cerna disputes only the first ground for the Bankruptcy Court's decision. Cerna argues that Paragraph 18 of the CFTC-Eliant Agreement demonstrates intent to create a

4

security because Paragraph 18 permitted CFTC to terminate the CFTC-Eliant Agreement if Eliant committed any defaults as defined in Paragraph 17. (*See* ECF No. 8 at 21 (citing *Cerna v. Zgheib*, Adv. Proc. No. 15-01017-abl ["Adv. Proc."], ECF No. 1-3 at 5).) However, even if Paragraph 18 created a security interest, that interest belonged to CFTC—not Cerna—because the parties to the agreement were CFTC and Eliant. (Adv. Proc., ECF No. 1-3 at 1.)

Accordingly, the Court affirms the Bankruptcy Court's finding that Cerna did not hold an equitable mortgage in the Property.

### C. Whether Cerna Held a Vendor's Lien

The Bankruptcy Court found that Cerna did not have a vendor's lien on the Property in part because CFTC took a separate and distinct security—the right to terminate the contract if Eliant committed any default defined in Paragraph 17. (ECF No. 1-2 at 33.)

Cerna argues that the right to terminate the contract does not constitute a security for two reasons. First, Cerna argues that the right to terminate the contract is not a security because it does not fall within the definition of security under the Securities Act of 1933 or NRS § 90.295. (ECF No. 8 at 15-17.) Second, Cerna argues that even if the right to terminate the contract amounts to a security, it did not serve that purpose here because Cerna could not exercise the termination right after he resigned from CFTC. (*Id.* at 17-18.)

"The right of a vendor to hold and maintain a lien against an estate conveyed is one that must be determined from the nature of the transaction, the circumstances surrounding the conveyance, and the intention of the parties at the time of entering into the transaction." *Jensen v. Wilslef*, 132 P. 16, 18 (Nev. 1913); *see also Buhecker v. R.B. Petersen & Sons Constr. Co.*, 929 P.2d 937, 940 (Nev. 1996) (citing *Jensen*, 132 P. at 18). "Whenever it appears from all the facts surrounding the transaction that a separate and distinct security was offered by the vendee and accepted by the vendor, the presumption is that the lien was waived." *Id.*

The Court finds Cerna's first argument unpersuasive. A vendor's lien is an equitable doctrine. *See Jensen*, 132 P. at 18. The definition of security for the purposes of

determining whether an individual has waived a vendor's lien is not limited to the definitions of security offered in the federal and state statutes Cerna cites. The Court also finds Cerna's second argument unpersuasive. First, the termination right was never Cerna's to exercise—the right belonged to CFTC as a party to the CFTC-Eliant Agreement. Second, Cerna voluntarily relinquished his ability as CFTC's manager to compel CFTC to exercise the termination right when he resigned. The Court cannot now insulate Cerna from the negative repercussions of that choice.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this appeal.

It is therefore ordered that the Bankruptcy Court's Order is affirmed.

DATED THIS 14th day of November 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE